# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| LOCAL 2038 INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, *et al.*, <br>     Third Party Plaintiffs, <br><br> v. <br><br> ANDRE JOSEPH, <br>     Third Party Defendant. | CAUSE NO.: 2:17-CV-332-JVB-APR |

## OPINION AND ORDER

This matter is before the Court on a Motion for Default Judgment Against Third-Party Defendant Andre Joseph [DE 38], filed by Third Party Plaintiffs on November 27, 2018.

"[T]here are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). *Entry of default* establishes the defaulted party's liability on the defaulted claims. *See id.*; Fed. R. Civ. P. 55(a). *Default judgment* establishes the opposing party's rights against the defaulted party. *VLM Food Trading*, 811 F.3d at 255; Fed. R. Civ. 55(b).

Federal Rule of Civil procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Upon an entry of default, "the well-pleaded allegations of a complaint relating to liability are taken as true." *VLM Food Trading*, 811 F.3d at 255 (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Third Party Plaintiffs filed their Third Party Complaint on January 24, 2018. In an Affidavit of Service, a process server testified to achieving process on Joseph on February 20, 2018. (Aff.

Service, ECF No. 20). Joseph failed to appear, plead, or otherwise defend as provided by the Federal Rules of Civil Procedure. Taking the allegations in the Third Party Complaint as true, Joseph is liable to Third Party Plaintiffs for attorney fees and costs incurred in this litigation. Accordingly, an entry of default is appropriate.

Third Party Plaintiffs also request that default judgment be entered in their favor. Default judgment is proper here: Joseph has still not filed a responsive pleading nearly two years after being served with the Third Party Complaint, the grounds for default are not in doubt, and it is in the interest of justice to avoid further delay in the resolution of this case.

In a motion for default judgment, the well-pleaded allegations of a complaint relating to the amount of damages suffered must be proved. *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)). In the Third Party Complaint, Third Party Plaintiffs requested damages, fees, and costs of the litigation. In their motion for default judgment, they request $25,000 in attorney fees and costs.

A court may need to have a hearing to determine damages on default judgment. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). However, in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, such a hearing is unnecessary. *Id.* In this case, Third Party Plaintiffs have attached the affidavit of Dwayne Russell White, which is itself supported by detailed billing records, attesting to attorney fees and costs of $28,777.49. Therefore, a hearing is not necessary. It is clear that Third Party Plaintiffs are entitled to the requested award of $25,000 in attorney fees and costs as damages.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion for Default Judgment Against Third-Party Defendant Andre Joseph [DE 38]. The Court **ENTERS DEFAULT** against Third Party Defendant Andre Joseph. Further, the Court **GRANTS DEFAULT JUDGMENT** in favor of Third Party Plaintiffs and against Third Party Defendant Andre Joseph in the amount of $25,000.00.

SO ORDERED on February 3, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
